**In re H & R BLOCK, INC., EXPRESS IRA MARKETING LITIGATION**

**No. MDL–1786.**

Judicial Panel on Multidistrict Litigation.

Aug. 14, 2006.

Before WM. TERRELL HODGES, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr.,* KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the eleven actions in the Western District of Missouri and an action in the Southern District of Illinois as listed on the attached Schedule A.[1] Before the Panel is a motion for coordinated or consolidated pretrial proceedings of these actions in the Western District of Missouri, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in an action in the Western District of Missouri (*Bronson*). Plaintiffs in five other Western District of Missouri actions support the motion in its entirety. Plaintiffs in another Western District of Missouri ac-

tion (*Silverberg*) support transfer to the Eastern District of Missouri. Plaintiff in the Southern District of Illinois action supports transfer to the Southern District of Illinois. Plaintiffs in two Eastern District of Michigan potential tag-along actions support transfer to the Eastern District of Michigan. Defendants[2] oppose centralization, along with plaintiffs in the potential tag-along action in the Southern District of Florida; these plaintiffs alternatively support transfer to the Southern District of Florida.

On the basis of the papers filed and hearing session held, the Panel finds that these twelve actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions contain allegations that defendants breached fiduciary duties owed to their tax clientele in connection with the marketing and sale of the Express Individual Retirement Account investment product. Plaintiffs, who in all but one action bring their claims on behalf of a nationwide class, also rely on theories of breach of contract, unjust enrichment, breach of the covenant of good faith and fair dealing, and negligent and/or fraudulent misrepresentation. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly with respect to the issue of class certification), and conserve the resources of the parties, their counsel and the judiciary.

---

\* Judge Miller did not participate in the decision of this matter.

1. The Panel has been notified of seven additional related actions pending in the following districts: four actions in the Eastern District of Michigan, and one action each in the District of District of Columbia, the Southern District of Florida and the Western District of Missouri. These actions and any other relat-

ed actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. H & R Block, Inc. (Block), H & R Block Financial Advisors, Inc., and H & R Block Tax Services, Inc.

Opponents of centralization argue that transfer under Section 1404 is a superior alternative to centralization under Section 1407. We are not persuaded, however, that waiting for Section 1404 rulings in the Northern District of Illinois action and the six potential tag-along actions pending outside the Western District of Missouri is the most prudent course for this litigation. Transfer of all related actions under Section 1407 to a single judge at the present time has the salutary effect of fostering a pretrial program that ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We are persuaded that the Western District of Missouri, where most of the actions are already pending, is an appropriate transferee forum for this docket. Relevant documents and witnesses may be found within this district, inasmuch as Block's corporate headquarters is located there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending outside the Western District of Missouri is transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Richard E. Dorr for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1786—In re H & R Block, Inc., Express IRA Marketing Litigation*

*Southern District of Illinois*

*Pascha Perkins v. H & R Block, Inc., et al.,* C.A. No. 3:06–317

*Western District of Missouri*

*Neil Terrelonge v. H & R Block, Inc.,* C.A. No. 4:06–222

*Tanya Adams v. H & R Block, Inc., et al.,* C.A. No. 4:06–231

*Jennifer Braun v. H & R Block, Inc.,* C.A. No. 4:06–242

*Brian M. Baxter v. H & R Block, Inc.,* C.A. No. 4:06–289

*Thomas Edward Carr, et al. v. H & R Block, Inc.,* C.A. No. 4:06–312

*Jeanine M. Rozum v. H & R Block, Inc.,* C.A. No. 4:06–326

*Rhonda Cribbs v. H & R Block, Inc., et al.,* C.A. No. 4:06–330

*Carol Bronson v. H & R Block, Inc., et al.,* C.A. No. 4:06–357

*Shawn Silverberg, et al. v. H & R Block, Inc., et al.,* C.A. No. 4:06–401

*Robert E. Dowda, Jr. v. H & R Block Tax Services, Inc., et al.,* C.A. No. 4:06–402

*Debbie L. Jenkins v. H & R Block, Inc.,* C.A. No. 4:06–445